IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00581-MR

| | |
|---|---|
| TYRONE LAMARK MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| D. PETERSON, et al., ) | ORDER |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.   BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mecklenburg County Detention Center (MCDC), where he is a pretrial detainee. [Doc. 1]. He asserts claims under "14 Amendment Right to Due Process, and 8th Amendment right to be free from Cruel and Unusual Punishment,[1] 14 Amendment right to Equal Protection Under the Law." [Id. at 3].

---

[1] Because the Plaintiff is a pretrial detainee, his Eighth Amendment claim is liberally construed as asserting the use of excessive force in violation of the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389 (2015) (discussing the difference between a pretrial detainee's excessive force claim, which is brought under the

The Plaintiff names as a Defendant the Mecklenburg County Sheriff's Office (MCSO), as well as the following Defendants in their individual and official capacities:; D. Peterson, an MCDC facility training officer and DART[2] member; T. Snell, a DART member; and FNU Vitale, a DART sergeant. For injury, the Plaintiff claims that he sustained a broken cheek bone, an orbital fracture, a cut over his eye that required stitches, permanent "flares" in his vision, permanent nerve damage to his left wrist, and "anxiety and emotional distress and/or … PTSD." [Id. at 6]. He seeks a declaratory judgment, compensatory and punitive damages, costs, and any additional relief the Court deems just, proper, and equitable. [Id. at 6].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

---

Fourteenth Amendment, and a convicted prisoner's excessive force claim, which is brought under the Eighth Amendment).

[2] Detention and Arrest Response Team.

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, the Plaintiff claims that Defendants Peterson and Snell punched him with closed fists, choked him against a bedframe, and applied extremely tight handcuffs; and that Defendant Vitale authorized, and failed to stop, the "assault and battery." [Doc. 1 at 4-6].

3

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396). The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act ... coupled with a duty to act." Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002). A "bystander officer" could be liable for his or her failure to act if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id. at 204.

Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, the Plaintiff's

4

claims against Defendants Peterson, Snell, and Vitale for the use of excessive force and failure to intervene are not clearly frivolous.[3]

Construing the Complaint liberally, it appears that the Plaintiff attempts to assert a separate Fourteenth Amendment due process claim against Defendant Vitale for improperly investigating the use of force incident in which he was personally involved, and for failing to discipline Defendants Peterson and Snell for the incident. [Doc. 1 at 3-4]. This claim fails because the Plaintiff had no constitutional right to have the excessive force incident investigated, or to have the DART officers disciplined. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Van Houten v. Gaskill, 2006 WL 749410 (D. Kan. March 22,

---

[3] The Court liberally construes the allegations as including a North Carolina claim for assault and battery, over which the Court exercises supplemental jurisdiction at this time because it arises out of the same incident as the excessive force/failure to intervene claims that have passed initial review. See 28 U.S.C. § 1367(a).

5

2006) ("whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court).

The Plaintiff also asserts that his right to equal protection was violated. [Doc. 1 at 3]. To state an equal protection claim, the Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the Plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

The Plaintiff has not set forth any facts in support of an equal protection claim and no such claim can be gleaned from a liberal construction of the allegations. His bald reference to "equal protection" fails to comply with the most basic pleading requirements. See Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...."); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a plaintiff must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff

has failed to state an equal protection claim against any Defendant, and accordingly, this claim is dismissed.

Finally, the Plaintiff names the MCSO as a Defendant, and he purports to sue all of the Defendants in their official capacities. Suits against sheriffs and their employees in their official capacities are, in substance, claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, a plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). A single incident is "almost never" enough to warrant municipal liability. Est. of Jones by Jones v. City of Martinsburg, W. Va., 961 F.3d 661, 671-72 (4th Cir. 2020), as amended (June 10, 2020) (citing Semple v. City of Moundsville, 195 F.3d 708, 713-14 (4th Cir. 1999)). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under

§ 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

Here, the Plaintiff claims that he was assaulted and battered by DART members, and that MCSO "acted under color of law, because it condoned through policy, both formal and informal" the Plaintiff's assault and battery, and Defendant Vitale's investigation of the incident. [Doc. 1 at 5-6]. The Plaintiff's vague and conclusory allegations fail to identify any MCSO custom or policy that allegedly resulted in the violation of his rights. Rather, it appears that he attempts to hold MCSO liable under a respondeat superior theory for the individual Defendants' actions. His allegations fail to support a plausible Monell claim and, accordingly, the claims against MCSO, and the MCSO Defendants in their official capacities are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Complaint passes initial review on the Plaintiff's § 1983 claims against Defendants Peterson, Snell, and Vitale for the use of excessive force and failure to intervene, and the Court exercises supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims. The remaining claims are dismissed without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint passes initial review on the Plaintiff's § 1983 claims against Defendants Peterson, Snell, and Vitale for the use of excessive force and failure to intervene, and the Court exercises supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is respectfully instructed to mail three blank summons forms to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendants. Once the Court receives the completed summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED.** Signed: February 9, 2023

Martin Reidinger
Chief United States District Judge