# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:22-cv-00581-MR

| | |
|---|---|
| **TYRONE LAMARK MILLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **DEVONTE PETERSON, et al.,**[1] ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Request for an [sic] Court Order Issued Subpoenas" [Doc. 22], which was docketed as a Motion.[2]

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred Mecklenburg County Detention Center (MCDC) where he is a pretrial detainee. [Doc. 1]. The Complaint passed initial review on claims against Defendants Devonte Peterson, Tcheno Snell, and Freddie Vitela for the use of excessive force and failure

---

[1] The Clerk will be instructed to correct the Court's record to reflect the Defendants' names in accordance with their filings. [See Doc. 23].

[2] The Plaintiff is reminded that he is required to seek relief from the Court by way of a "Motion." [See Doc. 3 (Order of Instructions)]. Any future requests that are not properly presented to the Court will be disregarded.

to intervene, and the Court exercised supplemental jurisdiction over Plaintiff's North Carolina assault and battery claims against them. [Doc. 10]. The Defendants were served and filed Answers in which Defendants Snell and Peterson asserted counterclaims for assault against the Plaintiff. [Docs. 12, 15]. The discovery deadline expired on November 27, 2023, and dispositive motions were due on December 27, 2023.[3] [See Oct. 24, 2023 Text-Only Order].

The Plaintiff filed the instant Motion on October 19, 2023.[4] [Doc. 22]. He asks the Court to issue subpoenas, pursuant to Rule 34, for the "Mecklenburg County Detention Center Sheriffs Office" to produce "grivance forms, request medical sicks and/or grivances tangible access" for June 11 and 13, 2022, and "a full copy of the Use of Force Packet on the Plaintiff dated June 11, 2022." [Id. at 1] (errors uncorrected). He also seeks a subpoena directed to "Atrium Main Hospital" for the production of "any medical documents from both dates of June 11, 2022, and June 13, 2022. For purpose of court use." [Id. at 2]. The Defendants have not responded, and the time to do so has expired.

---

[3] The Defendants filed a timely Motion for Summary Judgment. [Doc. 23].

[4] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

2

The Plaintiff's Motion is liberally construed as a Motion for the issuance of Rule 45 subpoenas directed to Mecklenburg County Sheriff Garry L. McFadden and to Atrium Health. See Fed. R. Civ. P. 45(a) (permitting a party to subpoena the production of documents and other things from nonparties); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). This Court has adopted the majority view that a Rule 45 subpoena "does in fact constitute discovery" and, as such, is accorded broad and liberal construction. Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, 566 (W.D.N.C. 2002); see Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). The Courts have "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986).

The Plaintiff's Motion will be granted insofar as he seeks the use of force incident report, his grievances, and his medical requests relating to the June 11 and 13, 2022 incidents as these requests are reasonably clear and appear to be relevant to his claims. As the Defendants are MCSD employees, it appears that these items may be available through the ordinary course of discovery. Defense counsel shall inform the Court, within 10 days,

whether these items will be provided to the Plaintiff without the issuance of a subpoena to Sheriff McFadden.

The Plaintiff's request for a subpoena to Atrium Health will be denied. The Plaintiff's request is vague and extremely broad. Moreover, to the extent that the Plaintiff seeks a copy of his own medical records, he fails to explain why he is unable to obtain the same without a subpoena.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Request for an Court Order Issued Subpoenas" [Doc. 22], is **GRANTED IN PART** and **DENIED IN PART** as stated in this Order.

2. Counsel for Defendants Peterson, Snell, and Vitela shall inform the Court within **ten (10) days** whether the use of force incident report, Plaintiff's grievances, and Plaintiff's medical requests relating to the June 11 and 13, 2022 incidents will be provided to the Plaintiff without the issuance of a subpoena.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to correct the Court record by substituting "FNU Vitale" with Freddie Vitela; "D. Peterson" with Devonte Peterson; and "T. Snell" with Tcheno Snell.

**IT IS SO ORDERED.**

Signed: January 11, 2024

Martin Reidinger
Chief United States District Judge